## In re DEACON.
### No. 7481.

District Court, S. D. Illinois, N. D.
March 9, 1939.

Walter W. Donley, Jr., and Thomas C. Feeney, both of Peoria, Ill., for bankrupt.

Ira J. Covey, Wayne H. Mathis, and Ira J. Covey, Jr., all of Peoria, Ill., for respondent.

ADAIR, District Judge.

This cause coming before the Court for review of the order of reference to exemptions of the above named bankrupt, and the Court being advised in the premises, and having heard argument of counsel, doth find the facts as follows:

That said bankrupt, William E. Deacon, many years past, and at a time when he was financially stable, and in a position to purchase the property in controversy, to-wit: one watch, one consistory ring, one diamond shirt stud, did so purchase said property and retain the possession thereof from the date of purchase to the

present time. The evidence shows that the watch, consistory ring and diamond shirt stud was worn upon the person of said bankrupt from the date of their purchase to date of bankruptcy. That the value of these articles, while somewhat controverted, nevertheless, was not of a greater amount than would be expected of a man in the financial position of the bankrupt at the date of purchase.

This review arises upon the findings of the Referee in Bankruptcy, that said property above described should be exempt and retained by said bankrupt under the Statutes of the State of Illinois which permits exemption for necessary wearing apparel. Ill.Rev.Stat.1937, c. 52, § 13, subd. 1.

The sole question to be determined, and which has been decided by the Referee in Bankruptcy, was whether or not such property was purchased and retained as an ornament or for speculative purposes or for necessary wearing apparel. The Court feels that in order to determine this question that first the date of purchase of these articles must be determined; that these articles were not purchased for speculation or profit or as an ornament. From the facts disclosed in this case, and from the conduct of the bankrupt from date of purchase to the present time, the Court sustains the Referee in finding that said property was purchased for wearing apparel.

The further question then arising of whether or not wearing apparel was necessary wearing apparel under the Laws of the State of Illinois. To determine this question this Court takes into consideration two propositions of fact, first—did the financial circumstances and condition of the bankrupt's life, prior to his failure, justify the purchase of said articles as wearing apparel. On this question the Court determines that his financial standing and his constant usage of the articles shows his intention to retain the property, not for profit or speculation, but purely to be worn by him. This condition existed up until the date of his bankruptcy.

The court is of the opinion that necessary wearing apparel must in every case be determined by the facts disclosed in each case. If the property, in this case, was of such extreme value and so disproportionate to the ability to purchase as to lead this Court to believe that the retention of this property as wearing ap-

parel over the period of years was for the purpose of defrauding creditors in bankruptcy, then, of course, this Court could determine the property was not necessary wearing apparel, but the retention of these articles in this case at issue over a period of years, and at the time when the bankrupt was amply able to purchase and retain same, does not lead the Court to believe that the purchase was made for the purpose of defrauding creditors at that time, or creditors in present bankruptcy case.

For reasons heretofore assigned, the Court finds that the said property was necessary wearing apparel, and may be retained by said bankrupt, and the findings of the Referee in Bankruptcy are hereby approved and confirmed.